UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ETHAN JAMES,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )   No. 1:17-cv-04581-WTL-DLP
                                      )
WENDY KNIGHT,                         )
                                      )
            Respondent.               )

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Ethan James for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-08-0292. For the reasons explained in this Order, Mr. James's habeas petition must be **denied**.

    A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.     The Disciplinary Proceeding

On August 18, 2017, Officer J. McGriff wrote a Conduct Report charging Mr. James with a violation of Code A-106, possession of a dangerous weapon. The Conduct Report states:

> On August 18, 2017 at approximately 4:15 pm I Officer J. McGriff conducted a shakedown of cell 9-4A belonging to Offender James, Ethan # 260088 (9A-4A)(WM) and Offender Hall, Dennis # 243886 (9B-4A)(WM). Upon searching under the heater I found an altered toothbrush with an approximately four inch sharpened piece of metal attached to one end of it. The end had two razor blades attached to it. Both offenders denied ownership of the homemade weapon.

Dkt. No. 8-1.  Mr. James was also provided with a Notice of Confiscated Property that, among other items, identified a "toothbrush with sharpened piece of metal attached to one end, and two razor blades attached to the other end" and listed "sm weapon" for the reason of confiscation. Dkt. No. 8-8.  A photograph of the makeshift weapon was also taken. Dkt. No. 8-9.

Mr. James was notified of the charge on August 24, 2017, when he received the Screening Report.  He pleaded not guilty to the charge, did not request a lay advocate, and did not request any physical evidence.  Dkt. No. 1-1 at 1; Dkt. No. 8-2.  He requested to call: (1) Sergeant Nicholson to ask "did [offender] Kidd admit to leaving the weapon in my cell?"; (2) Officer Williams to ask "did [offender] Kidd admit to leaving the weapon in my cell?"; and (3) Kidd to ask "did you place the weapon in my cell without me & my bunkie knowing?" Dkt. No. 1-1 at 1; Dkt. No. 8-2.  Sergeant Nicholson responded, "yes, [offender] Kidd admitted to owning the weapon." Dkt. No. 1-1 at 3; Dkt. No. 8-7 at 2.  Officer Williams responded, "yes the offender approached me after the incident the next day and admitted to placing the weapon in another offenders [sic] cell." Dkt. No. 1-1 at 4; Dkt. No. 8-7 at 1.  Offender Kidd responded, "yes." Dkt. No. 1-1 at 2; Dkt. No. 8-3.  The responses of Sergeant Nicholson and Officer Williams were submitted as conduct supplement reports.  *See* Dkt. No. 8-7.

The prison disciplinary hearing was held on September 6, 2017. According to the notes from the hearing, Mr. James stated: "[t]he evidence speaks for its self." Dkt. No. 8-4. Based on the staff reports and the photo of the weapon, the hearing officer found Mr. James guilty of possession of a weapon. The sanctions imposed included seventy-seven (77) days of earned-credit-time deprivation and a two-level credit class demotion.

Mr. James appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

1.    <u>Sufficiency of the Evidence</u>

In his petition, Mr. James challenges his prison disciplinary conviction based on the sufficiency of the evidence. The respondent argues there was "some evidence" to support the conviction as the makeshift weapon was found in Mr. James's cell and Mr. James therefore had access to the weapon.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in

the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-106 is entitled "Possession of Dangerous/Deadly Contraband/Property," and is defined as "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Possession is defined as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders at 5, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

In this case, the fact that the weapon was found in Mr. James's cell is enough evidence to allow the hearing officer to conclude that he was in "possession" of the weapon. *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (holding that evidence showing a twenty-five percent chance of guilt constitutes "some evidence" under the circumstances). Thus, Mr. James's challenge to the sufficiency of the evidence must be rejected because, under *Ellison*, there is "some evidence" to support the hearing officer's decision.

2. Failure to Exhaust

In his reply brief, Mr. James raises a new argument that the hearing officer failed to consider the witness statements in violation of his due process rights. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The undisputed record reflects that he failed to timely exhaust his available administrative remedies on this ground before filing this action. Thus, habeas relief is not available to Mr. James on his newly raised ground.

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. James to the relief he seeks. Accordingly, Mr. James's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/13/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ETHAN JAMES
260088
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Evan Matthew Comer
INDIANA ATTORNEY GENERAL
evan.comer@atg.in.gov